UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LEON E. ANDREWS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:23CV239-PPS/JPK |
| NATALIE BOKOTA, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Representing himself without an attorney, Leon E. Andrews, Jr. has filed a complaint under 42 U.S.C. §1983 against a number of Lake County, Indiana judicial officers, corrections officers and police officers alleging that his civil rights were violated by their conduct in connection with Andrews' arrest on August 24, 2022 and its aftermath. [DE 1.] Andrews moves, on the ground of indigence, for permission to proceed with his lawsuit without paying the customary filing fee. [DE 2.] The financial information attested to in Andrews' Motion to Proceed in Forma Pauperis supports the conclusion that he meets the financial requirements to be excused from prepaying the filing fee, and that motion will be granted.

Under 28 U.S.C. §1915(e)(2), I have an obligation to dismiss a complaint filed in forma pauperis if I determine that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

> plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint lacks sufficient detail to state a viable claim, the district court is "within its rights" to dismiss the complaint, giving the plaintiff leave to amend. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Andrews summarily alleges that police officer defendants Ian Fultz, G.E. Fields, T. Bronowski and G. Groarkin "Unlawfully Arrested" Andrews "without giving due process of the law" because he "was not asked any questions at all." [DE 1 at 8.] These limited facts are not sufficient to support a claim of an unconstitutional arrest. They do not allow me to draw a reasonable inference that the arrest was unlawful. Perhaps the arrest was pursuant to a warrant. Perhaps though warrantless the arrest was based on probable cause. Due process does not necessarily require dialogue between Andrews and arresting officers. Next Andrews alleges that he was "unlawfully detained in the courtroom and transported to the jail." [*Id.*] Again, this legal conclusion is not supported by facts that could establish liability against any particular defendant for unconstitutional misconduct.

Andrews' allegations concerning defendant Alex Fields, whom Andrews describes as a "Booking Officer," are that Fields "threatened" Andrews by saying "you won't get out of here I promise." [DE 1 at 4, 8.] Even construing those words as a threat, many federal courts have held that a police officer's use of taunts, threats or

derogatory language does not in itself constitute a violation of constitutional rights.  *See*, *e.g., DeWalt v Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (standing alone, simple verbal harassment does not violate constitutional principles); *Hernandez v. Fla. Dep't of Correction*, 281 Fed.Appx. 862, 866 (11th Cir. 2008) ("verbal abuse alone is insufficient to state a constitutional claim"); *Widner v. Aguilar*, 389 Fed.Appx. 976, 979 (5th Cir. 2010) ("[m]ere threatening language does not amount to a constitutional violation, giving rise to liability for an action pursuant to §1983"); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)("[g]enerally, mere verbal threats made by a state-actor do not constitute a §1983 claim"); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) ("verbal threats and harassment" are not generally actionable under §1983).

The Seventh Circuit does not endorse a purely "categorical distinction between verbal and physical harassment" however, instead requiring in the 8th Amendment context that consideration be given to the severity and psychological impact of verbal harassment.  *Beal v. Foster*, 803 F.3d 356, 357-38 (7th Cir. 2015).  Even in that context, however, *Beal* recognizes that "fleeting" verbal harassment that is "too limited to have an impact" does not rise to the level of a constitutional violation.  *Id*. at 358.  The single harsh statement by Alex Fields as Andrews was being booked, without more, does not support a reasonable inference that Fields could be liable under §1983.  Andrews further alleges that he was not released from custody when his "seven-day sentence was completed because of whatever was submitted into the computer system by Alex

3

Fields." [DE 1 at 8.] It is not at all clear how Andrews' vague description of Alex Fields' computer input could plausibly support a constitutional violation.

The final factual allegation of Andrews' complaint is that he was assaulted by corrections officer Joshua Brooks while in custody "for asking to speak with a supervisor" and "to retaliate against me" for Andrews' prior "notice" of a lawsuit he intended to file. [DE 1 at 8.] This allegations supports a claim against Brooks.

Andrews' complaint names a number of defendants who are not mentioned at all in the Statement of Claim. No facts supporting any liability are alleged as to the defendants Andrews identifies as Judge Natalie Bokota, Magistrate Kathleen A. Sullivan, Magistrate Mark Watson, and Administrative Assistant Patricia Hutton. These defendants will be dismissed for Andrews' failure to state any claim for relief against them. In addition, I note that as a general rule, judges have absolute immunity for acts performed in their judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). This centuries-old doctrine "confers complete immunity from suit, not just a mere defense to liability," and is applicable to suits under §1983. *Id.* at 660. If defendant Patricia Hutton is a judicial officer's administrative assistant, she may also be "entitled to judicial immunity for activities closely associated with the judicial process." *Foss v. Marshall County*, Cause No. 3:21-CV-584-JD-MGG, 2021 WL 5053777, *3 (N.D.Ind. Nov. 1, 2021), citing *Eades v Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987).

ACCORDINGLY:

Plaintiff Leon Andrews, Jr.'s Motion to Proceed In Forma Pauperis [DE 2] is GRANTED. The payment of the filing fee is DEFERRED, and plaintiff is ordered to pay the $350 filing fee from the proceeds of any recovery received in this case.

The case will PROCEED as against defendant Joshua Brooks on the claim that he violated Leon Andrews, Jr.'s constitutional rights by assaulting him.

Andrews' claims against defendants Natalie Bokota, Kathleen A. Sullivan, Mark Watson, Patricia Hutton, G.E. Fields, Ian Fultz, Alex Fields, T. Bronowski, and G. Groarkin are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B).

Pursuant to 28 U.S.C. §1915(d), the Clerk is DIRECTED to effect service of process on defendant Joshua Brooks by requesting Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Joshua Brooks at 2293 N. Main St., Crown Point IN 46307, with a copy of this order and the complaint.

SO ORDERED.

ENTERED: July 21, 2023.

      /s/ Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT