UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LEON E. ANDREWS, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:23CV239-PPS/JPK |
| NATALIE BOKOTA, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On July 21, 2023, I granted pro se plaintiff Leon E. Andrews, Jr., leave to file this case without prepaying the ordinary filing fee, based on his inability to pay. [DE 3.] Andrews' complaint was filed under 42 U.S.C. §1983 against a number of Lake County, Indiana judicial officers, corrections officers and police officers alleging that his civil rights were violated by their conduct in connection with Andrews' arrest on August 24, 2022 and its aftermath. [DE 1.] I performed the review required by 28 U.S.C. §1915(e)(2), and determined that the complaint failed to state a claim upon which relief could be granted as against a number of the defendants. [DE 3.]

I dismissed without prejudice the claims against police officer defendants Ian Fultz, G.E. Fields, T. Bronowski and G. Groarkin because the sparse facts alleged were not sufficient to support the claim against them for an unconstitutional arrest. [DE 3 at 2.] Andrews' inadequate claims against "Booking Officer" defendant Alex Fields based on allegedly threatening language and Fields' computer input were also dismissed

without prejudice.  [*Id*. at 2-4.] Finally, I dismissed the claims against a number of defendants who were not mentioned at all in the factual allegations Andrews offered in his "Statement of Claim."  [*Id*. at 4.]  These defendants were Judge Natalie Bokota, Magistrate Kathleen A. Sullivan, Magistrate Mark Watson, and Administrative Assistant Patricia Hutton.  Service of process was directed only as against defendant Joshua Brooks on Andrews' claim that Brooks assaulted him while in custody after Andrews asked to speak with a supervisor and in retaliation for Andrews' prior notice of an intention to file a lawsuit.  [*Id*.]

Andrews has filed an amended complaint. [DE 8.]  He did so without seeking leave of court.  I will assume without deciding that, pursuant to Fed.R.Civ.P. 15(a)(1)(A), Andrews was permitted to amend without leave because he filed the amendment within 21 days of this original complaint being served on the sole remaining defendant, Joshua Brooks.  [DE 7.]  As with the original complaint, the amended complaint occasions a review under 28 U.S.C. §1915(e)(2), which requires dismissal of a complaint filed in forma pauperis if I determine that it "fails to state a claim on which relief may be granted."  Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted).

2

In the new complaint, Andrews again names all ten original defendants. Two new defendants are added – prosecutor Arturo M Bakazan and deputy warden Yolanda Brown. Both complaints have been prepared using a form available from the Clerk. Andrews' original complaint contained an extra type-written page with the caption "Statement of Claim" on which he set out the factual allegations his lawsuit was based on. [DE 1 at 8.] This time, Andrews omits altogether any statement of facts. By definition, then, the proffered amended complaint fails to state any claims supported by factual content that would permit a reasonable inference of liability to Andrews. As a result, I will dismiss the amended complaint in its entirety for failure to state a claim. The case will go forward based on Andrews' claim against defendant Joshua Brooks, as asserted in the original complaint.

ACCORDINGLY:

Plaintiff Leon E. Andrews, Jr.'s amended complaint [DE 8] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B).

The case will proceed on the basis of the claim against defendant Joshua Brooks as stated in the original complaint.

SO ORDERED.

ENTERED: September 1, 2023.

>/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT